IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Respondent, | No. CR S-03-0349 KJM P |
| vs. | |
| SERGIO ALBERTO DE LOS SANTOS-MENDOZA, | |
| Movant. | ORDER |
| _____/ | |

      Movant is a federal prisoner proceeding pro se with a motion under 28 U.S.C. § 2255. Respondent filed an opposition to the motion on September 30, 2004. Movant filed a reply on October 29, 2004.

      On December 8, 2003, movant pled guilty to illegal entry into the United States and possession of a false U. S. identification card. Movant was sentenced to a term of six months in the Federal Bureau of Prisons for illegal entry and twelve months for possession of a false i.d. card. The terms were ordered to be served consecutively. See Judgment filed December 22, 2003 (docket no. 18).

      In his § 2255 motion, movant asserts that his trial counsel "did not help." He also states that his father is a U.S. citizen who was born in this country in 1914. Movant fails to elaborate further as to his basis for relief in his motion. Mot. at 5. While it is not entirely clear,

it appears movant's position is that his trial counsel rendered ineffective assistance of counsel by failing to either discover or present evidence indicating movant is a U.S. citizen and therefore could not be guilty of illegal entry. Mot., Attach.; Traverse at 1. It is not clear from movant's filings when he first became aware of the potential to assert rights as a U.S. citizen.

Movant waived his right to appeal his convictions through direct appeal proceedings or collateral attack. Answer, Ex. 2 at 2:2-3. The Ninth Circuit Court of Appeals has found that a waiver of the right to file a § 2255 motion made pursuant to plea negotiations is not enforceable with respect to an ineffective assistance of counsel claim challenging voluntariness of the waiver. Washington v. Lambert, 422 F.3d 864, 870-71 (9th Cir. 2005), cert. denied, 547 U.S. 1074 (2006). However, movant's bare assertions do not amount to a claim challenging the voluntariness of the waiver of his right to file a § 2255 motion or his plea in general. In particular, his minimalist statement that counsel "did not help," without further explanation of what counsel could or should have done to clarify his citizenship status, is too conclusory to provide a basis for relief. Cf. Shah v. U.S., 878 F.2d 1156, 1161 (9th Cir. 1989) (observing that vague and conclusory allegations of ineffective assistance of counsel in § 2255 motion did not provide a basis for the district court to hold an evidentiary hearing); see Traverse at 1-2 (providing no further details on counsel's alleged lack of assistance during plea proceedings). Even if counsel had been aware of the information movant now provides, movant fails to point to any facts or law suggesting he, personally, has ever been a U.S. citizen. Respondent asserts that based upon movant's prior felony convictions and his failure to appear at deportation proceedings prior to entry of his guilty plea in this case, movant has lost any claims to citizenship he may have had. Answer at 2:5-25 & Ex. 4. Nothing in the record undermines respondent's argument.

Movant has not identified any circumstance rendering his acceptance of his plea agreement involuntary or unintelligent. Therefore movant's motion brought under 28 U.S.C. § 2255 will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Movant's motion brought under 28 U.S.C. § 2255 is denied;

2. This case is closed; and

3. The Clerk of the Court be directed to close the companion civil case No. CIV-S-04-0667 KJM P.

DATED: September 26, 2007.

_____
U.S. MAGISTRATE JUDGE

1
delo0349.257